UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GREGORY L. RUDOLPH,

                        Petitioner,

    vs.                                                      9:06-CV-0975
                                                                    (NAM)(GJD)

DALE ARTUS, Superintendent,

                        Respondent.

---

APPEARANCES:                                 OF COUNSEL:

Gregory L. Rudolph
02-B-2389
Clinton Correctional Facility
Box 2001
Dannemora, NY 12929-2001
Petitioner, *Pro Se*

Hon. Andrew M. Cuomo                    Lisa E. Fleischmann, Esq.
New York State Attorney General        Assistant Attorney General
120 Broadway
New York, NY 10271
Attorney for Respondent

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

      Petitioner commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 11, 2006. Dkt. No. 1. Petitioner challenges of a judgment of conviction rendered in Oneida County Court wherein he was found guilty after a bench trial of two counts of attempted murder and criminal possession of a weapon. *Id*. at 1. Respondent filed the state court records and a response to the petition on January 12, 2007. Dkt. Nos. 6–8.

      The entire history of this case is outlined in this Court's prior orders and familiarity with the prior proceedings is presumed. *See* Dkt. Nos. 19, 26. The Court will however briefly outline the most relevant events. After filing his petition, petitioner sought voluntary dismissal of his action so that he

could exhaust his state court remedies. Dkt. No. 13. Since it was unclear whether petitioner understood the consequences of voluntary dismissal, the Court advised him of the possibility that, because his statute of limitations for filing a federal habeas petition had expired on November 9, 2006, he would most likely be foreclosed from filing another petition in this Court. Dkt. No. 17. In keeping with *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir.) *cert. denied, Fischer v. Zarvela,* 534 U.S. 1015 (2001),[1] the Court stayed this proceeding so that petitioner could exhaust his state court remedies and then return to this Court to pursue his federal habeas petition. Dkt. No. 17. Accordingly, by Order filed July 17, 2007, the Court determined that this action should be stayed to permit petitioner to exhaust his state court remedies on any claim that was contained in the original petition. *Id*. Petitioner was directed to (1) file status reports outlining his attempts to exhaust his state court remedies on the claims in his petition or (2) submit a sworn and notarized statement evincing his desire to permanently and completely abandon all federal habeas corpus relief on his November 8, 2002 convictions. *Id*. As of March 2008, petitioner had done neither. Accordingly, by Order filed March 4, 2008, the stay in this matter was lifted. Dkt. No. 18. Since petitioner had taken no steps to prosecute this action in over seven months, the Court advised petitioner that his action would be dismissed unless, within thirty days, he showed cause for his failure to comply with the July 17, 2007 Order or to prosecute this action in any respect for over seven months.[2] *Id*. Because petitioner did not take any steps to comply with the March 4, 2008 Order, by Order filed May 1, 2008, this action was dismissed without prejudice. Dkt. No. 19. Judgment dismissing this action without prejudice was entered on May 2, 2008. Dkt. No. 20.

---

[1] In *Zarvela*, the Second Circuit directed that the "only appropriate course in [cases] where an outright dismissal could jeopardize the timeliness of a collateral attack" is to stay further proceedings.

[2] Petitioner was also advised that if this case were dismissed, any subsequent habeas petition filed pursuant to 28 U.S.C. § 2254 regarding the convictions challenged in this action would likely be barred by the statute of limitations.

Petitioner thereafter filed a motion for relief from judgment (Dkt. No. 21) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In support of his motion, petitioner alleged that (1) his "educational level is below normal," having tested at a fourth grade reading level and third grade math level; (2) his former inmate law clerk "erroneously" advised him that "appris[ing] the Court of the status of [petitioner's] post-conviction Criminal Procedure Law § 440.10 Motion would not be necessary..." and (3) his former inmate law clerk was eventually removed from his job by the Department of Corrections after it was discovered that he did not have the proper qualifications to hold that position. Dkt. No. 21 at 1-2. Petitioner claimed that he now has "the assistance of a qualified pre-approved law library clerk willing to assist [him]" with this action. *Id*. at 2.

In light of petitioner's *pro se* status and the documents submitted by him evidencing both his lack of education and the discharge of his former inmate law clerk, the Court granted petitioner's motion for relief from Judgment and petitioner was allowed to proceed with the claims set forth in his **original petition**. Dkt. No. 26. Petitioner was directed to file an affidavit with the Court outlining what steps he has taken to exhaust in state court the claims set forth in the original petition. Petitioner was advised that the stay, which was previously lifted, **had not been re-instated**.

Currently before the Court is an affidavit filed by petitioner in compliance with the July 17, 2008 Order. Dkt. No. 27. The Court construes the affidavit as petitioner's application to renew the stay of this proceeding so that he can properly exhaust his available state court remedies. In support of his application, petitioner states that "[i]n order to effectively repair the damage to Petitioner's right abridged by [his former] inmate law clerk," he asks that "he be allotted time to re-fil[e] in the state

3

court."[3]  *Id*. at 3.  The Court grants petitioner's request to renew the stay.  Further proceedings in this matter are hereby stayed so that petitioner may promptly pursue his unexhausted claim(s) in state court and, if necessary, return to this court after exhaustion is complete.[4]

WHEREFORE, it is hereby

ORDERED, that petitioner's request to stay this action (Dkt. No. 27) is **GRANTED**, and further proceedings in this matter are hereby **STAYED**, on the following terms and conditions:  **Within thirty (30) days** of the filing date of this Order, petitioner shall commence in the appropriate state court one or more post-conviction proceedings by which he asserts the claims for relief which formed the basis of his stay request; and it is further

ORDERED, that petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s); and it is further

ORDERED, that **within thirty (30) days** of the resolution of petitioner's state court proceeding(s), petitioner must advise the Court in writing of the outcome thereof and must also provide a copy of the state court decision(s) concerning the disposition of the newly exhausted claims; and it is further

ORDERED, that if petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration; and it is further

---

[3] Petitioner indicates that he intends to file a new motion to vacate this judgment of conviction pursuant to Section 440.10 of New York's Criminal Procedure Law.  Dkt. No. 27 at 2.

[4] Petitioner is again advised that the addition of new claims would require petitioner to make a separate application to this Court wherein petitioner would have to demonstrate, *inter alia*, good cause for failure to raise the claims sooner. Since any claims asserted at this late date would be time-barred, petitioner would also have to demonstrate that the proposed new claims relate back to the claims contained in the original petition.

ORDERED that the Clerk of the Court serve a copy of this Order upon the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: August 22, 2008

_____
Norman A. Mordue
Chief United States District Court Judge