UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREGORY L. RUDOLPH,

                                                      Petitioner,

    -v.-

DALE ARTUS, Superintendent of                         9:06-CV-975
Clinton Correctional Facility,                               (NAM/ATB)

                                                     Respondent.

ANDREW T. BAXTER,[1] United States Magistrate Judge

## REPORT AND RECOMMENDATION

**I.    Introduction**

Petitioner filed this application for habeas corpus relief on August 11, 2006. (Dkt. No. 1). Petitioner was convicted of two counts of Attempted Murder, First Degree; Assault, Second Degree; Criminal Possession of a Weapon, Second Degree; Criminal Possession of a Weapon, Third Degree; and Resisting Arrest. *People v. Rudolph*, 16 A.D.3d 1151, 1152 (2005). Petitioner raises six numbered grounds for relief in his application for habeas relief. Grounds One and Two allege that there was insufficient evidence to prove that petitioner intended to cause the death of the two victims. (Pet. ¶¶ 12(A) & (B)). Grounds Three, Four, and Six are challenges to his sentences. (Pet. ¶¶ 12(C), (D), & (F)). Ground Five alleges that the weapons possession charges should have been dismissed because the gun should have been

---

[1] This case was originally assigned to Magistrate Judge Gustave J. Di Bianco, but was re-assigned to me upon Judge Di Bianco's retirement.

suppressed. (Pet. ¶ 12(E)).

Respondent filed his opposition papers on November 9, 2006, arguing, *inter alia*, that petitioner failed to exhaust his state court remedies with respect to two of his claims. (Resp. Mem. of Law, Dkt. No. 7). Respondent claimed that petitioner's sentencing claims were "partially unexhausted" and not cognizable on habeas review. (Resp. Mem of Law at 28–30). Respondent also argued that the challenge to petitioner's weapons convictions was unexhausted and barred by *Stone v. Powell*, 428 U.S. 465 (1976). (Resp. Mem. of Law at 31–33).

Petitioner filed a motion on May 23, 2007, to voluntarily dismiss his petition so that he could return to state court to exhaust his claims. (Dkt. No. 13). Instead of allowing petitioner to withdraw his application, Chief Judge Norman A. Mordue stayed the action, and instructed petitioner to commence the appropriate state court action within 30 days and file reports with this court every 60 days. (Dkt. No. 17). Petitioner failed to comply with Chief Judge Mordue's order, and the action was dismissed without prejudice on May 1, 2008. (Dkt. No. 19). Petitioner filed a motion to reopen his case on May 29, 2008, which was granted by an order dated July 17, 2008. (Dkt. Nos. 21, 26). Petitioner filed status reports in December 2008, January 2009, March 2009, May 2009, July 2009, September 2009, and December 2009. (Dkt. Nos. 31, 32, 33, 34, 35, 36, 37, 38).

Petitioner's status report filed in December 2009 included a request that the stay

continue until petitioner could receive his trial transcripts.[2] (Dkt. No. 38). In response to petitioner's request, the court directed petitioner to file by March 31, 2010, "a short statement of why he needs the transcripts in this action, including an explanation of how the transcripts relate to the existing grounds . . . ." (Dkt. No. 40). In his letter of response, petitioner did not indicate why he needed the transcripts or how they related to the existing grounds in his petition.[3] (Dkt. No. 41). This court found that petitioner would not be prejudiced by lifting the stay, and by an order entered May 4, 2010, the stay was lifted and petitioner's case was restored to this court's active docket. (Dkt. No. 42). Petitioner was given until June 7, 2010, to file a traverse, if he so desired. *Id.* Petitioner filed a letter on June 7, 2010, which indicated that he was not filing a

---

[2] In one of petitioner's status reports, he seemed to state that a review of the transcripts would uncover new grounds for relief. Chief Judge Mordue made it clear, however, that petitioner would not be able to add new grounds for relief.

[3] Petitioner was told more than once that he could only exhaust the claims that he brought in his original petition, but that were unexhausted. (*See* Order, Dkt. No. 17 at 2–3; Decision and Order, Dkt. No. 26 at 2–3, 6; Decision and Order, Dkt. No. 28 at n.2). It is unlikely that a trial transcript would have been relevant to any of the issues stated in the original petition. The only claims whose review *might* have required a transcript were the sufficiency of the evidence claims; however, it is clear that those claims were exhausted, but procedurally defaulted, as discussed below. Respondent surmised that the unexhausted issues involved sentencing and suppression of the weapon (Resp. Mem. at 28–33), but the grounds related to sentencing and suppression of the weapon are procedurally barred or non-cognizable for federal habeas review, as explained below. Petitioner implies that he was seeking the trial transcripts so that he could search for *new* claims. (Dkt. No. 31, Status Report ¶ 9). However, the purpose of a stay was not to look for new claims, which, depending on whether the new claims related back to the original claims, would be barred by the AEDPA's one year statute of limitations. 28 U.S.C. § 2244(d)(1). *See Smith v. McGinnis*, 208 F.3d 13, 15–16 (2d Cir. 2000) (explaining that a state court challenge tolls but does not reset the statute of limitations); *see also* Decision and Order, Dkt. No. 26 at n.4) . Consequently, petitioner was not prejudiced when this court refused a further stay even though he did not receive the desired transcripts from the state court.

3

traverse.[4]  (Dkt. No. 43).

## II. Background

### A. Facts

On March 25, 2002, petitioner pulled a loaded semiautomatic handgun from his jacket pocket and fired it near a police officer's head who was trying to handcuff petitioner.[5]  A second officer tackled petitioner from behind, and they both struggled to gain control of the handgun.  During the struggle, petitioner pointed the gun at the second officer's face and then held it against the second officer's chest.  A third officer ultimately wrested the gun from petitioner's hand.  An Oneida County Grand Jury charged petitioner with two counts of Attempted Murder in the First Degree (N.Y. PENAL LAW §§ 110.00, 125.27(1)(a)(i), (b)), one count of Assault in the Second Degree (N.Y. PENAL LAW § 120.05(3)), one count of Criminal Possession of a Weapon in the Second Degree (N.Y. PENAL LAW § 265.03(2)), one count of Criminal Possession of a Weapon in the Third Degree (N.Y. PENAL LAW § 265.02(4)), one count of Reckless Endangerment in the First Degree (N.Y. PENAL LAW § 120.20), two counts of Menacing in the Second Degree (N.Y. PENAL LAW § 120.14(1)), and one count of Resisting Arrest (N.Y. PENAL LAW § 205.30).

---

[4] Petitioner's letter stated that the person helping him with his "law work" was no longer at the same facility and he has no one to help him "prepare for the next step." (Doc. No. 43).  As described above, this case has been pending since 2006 and the court has afforded petitioner every opportunity to properly proceed.  As indicated in the text order entered June 8, 2010, the court considers the action fully briefed.

[5] These facts are as stated by the Appellate Division's decision on the direct appeal of petitioner's conviction.  *People v. Rudolph*, 16 A.D.3d 1151, 1152 (2005).

4

**B.     State Court Proceedings**

Petitioner was convicted of two counts of Attempted Murder, First Degree; Assault, Second Degree; Criminal Possession of a Weapon, Second Degree; Criminal Possession of a Weapon, Third Degree; and Resisting Arrest. *People v. Rudolph*, 16 A.D.3d 1151, 1152 (2005). Petitioner was sentenced to two indeterminate sentences of 25 years to life for the attempted murder counts; a 7-year sentence for the assault count, a 15-year sentence for the second-degree weapon possession count, a 5-year sentence for the third-degree weapon possession count, and a 1-year sentence for the resisting arrest count. The two 25-years to life sentences and the 15-year sentence were each to run consecutively, with the other sentences to run concurrently.

On March 18, 2005, the Appellate Division, Fourth Department, modified petitioner's sentence and ordered that the 15-year sentence for second-degree weapon possession must run concurrently with the two 25-years to life terms. *People v. Rudolph*, 16 A.D.3d at 1153. The New York Court of Appeals denied leave to appeal on August 11, 2005. *People v. Rudolph*, 5 N.Y.3d 809 (2005). Although this action was stayed in 2007 so that petitioner could return to state court and exhaust his claims, it does not appear that petitioner ever perfected any additional actions or motions in state court.[6]

---

[6] Petitioner has indicated that his former inmate law clerk filed a N.Y. CRIM. PROC. LAW § 440 motion on petitioner's behalf in state court, which was denied. (Dkt. No. 21 at 1). Petitioner did not notify this court of the grounds that were included in the section 440 motion and whether he sought leave to appeal from its denial, which Chief Judge Norman A. Mordue noted in his Decision and Order dated July 17, 2008. (Dkt. No. 26 at n.3). Even after this court directed petitioner to explain why he needed the transcripts and how they related to the existing grounds in his petition (Order dated March 18, 2010, Dkt. No. 40), he failed to comply with this

# DISCUSSION

## III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication of the claim: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[7] *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007) (citing 28 U.S.C. § 2254(d)(1), (2)); *Hawkins v. Costello,* 460 F.3d 238, 242–43 (2d Cir. 2006).

A state court decision violates the "contrary to" clause of § 2254(d)(1) when it "reaches a result opposite to the one reached by the Supreme Court on the same question of law or arrives at a result opposite to the one reached by the Supreme Court on a 'materially indistinguishable' set of facts." *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000)).  A federal habeas court may only grant the writ under the "unreasonable application" clause of the section when the state court's decision "identifies the correct rule of law but applies that principle to the facts of the petitioner's case in an unreasonable way." *Id.* at 74 (citing *Williams*, 529 U.S. at 413).  "The question under AEDPA is not whether

---

court's directive.

[7] "Clearly established federal law" in this context "refers only to the holdings of the Supreme Court." *Rodriguez v. Miller*, 537 F.3d 102, 106 (2d Cir. 2008) (citing *Williams v. Taylor,* 529 U.S. 362, 412).

a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro,* 550 U.S. at 473. Federal habeas courts are also required under AEDPA "to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id.* (citing § 2254(e)(1)).

## IV. State Court Decision

Petitioner's direct appeal to the Fourth Department challenged his conviction on five grounds: (1) the evidence was legally insufficient to support a conviction of attempted murder because the evidence did not establish that petitioner intended to kill the first officer, (2) the evidence was legally insufficient to support a conviction of attempted murder because the evidence did not establish that petitioner intended to kill the second officer, (3) petitioner's conduct toward the two officers was one continuous transaction, thus it was improper to have the sentences for attempted murder run consecutively, (4) the crime of weapon possession and the crime of attempted murder involved the same act of petitioner, thus it was improper for the 15-year sentence for weapon possession run consecutively to the attempted murder sentences, (5) the first officer approached petitioner illegally, thus the weapon possession charge should be dismissed, and (6) petitioner's sentences were unduly harsh and severe. (*See* Pet'r's Appellate Br. Points I–VI).

The Appellate Division held that petitioner "failed to specify alleged deficiencies in the proof, and therefore failed to preserve for our review his contention that the evidence is legally insufficient to support the counts of attempted murder."

*People v. Rudolph*, 16 A.D.3d at 1152. The Appellate Division also held that the "attempts to shoot each officer were separate and distinct, and therefore the court did not improvidently exercise its discretion when it imposed consecutive sentences." *Id.* (citing N.Y. Penal Law § 70.25 [2]; *People v. McCullough*, 283 A.D.2d 988, 988–989. However, the Appellate Division held that "the offenses of attempted murder and criminal possession of a weapon in the second degree were committed through a single act and the court was therefore required to impose concurrent sentences." *Id.* (citing N.Y. PENAL LAW § 70.25 [2]; *People v. Laureano*, 87 N.Y.2d 640, 643). Finally, the Appellate Division concluded that petitioner's "sentence is not unduly harsh or severe" and found petitioner's contention relating to suppression to be "without merit." *Id.*

## V.     Sufficiency of the Evidence (Grounds 1 & 2)

### A.     Procedural Default

Petitioner's first and second grounds for federal habeas relief are closely related to each other, and identical to grounds he brought on direct appeal, as described above. Both claims state that the evidence at trial was insufficient to support convictions of attempted murder. Petitioner's first "ground" makes this claim based on his allegation that there was insufficient evidence to support a finding that he intended to kill the first officer. His second "ground" alleges that there was insufficient evidence to support a finding that he intended to kill the second officer. (Pet. ¶ 12).

The Appellate Division specifically relied on procedural grounds when

dismissing those claims on direct appeal.  *See Galdamez v. Keane*, 394 F.3d 68, 77 (2d Cir. 2005) (procedural bar applies when the last state court rendering the judgment "'clearly and expressly states that its decision rests on a state procedural bar'") (citing *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)).  The procedural bar at issue was the petitioner's failure to preserve the sufficiency of evidence claim by a specific motion during trial.  *People v. Rudolph*, 16 A.D.3d at 1152.  New York's contemporaneous objection rule provides that issues not raised at trial, and issues that are not preserved by a specific objection at the time of a claimed error, will not be considered on appeal.  N.Y. CRIM. PROC. LAW § 470.50(2).  Unpreserved error may be reviewed by the Appellate Division only as a matter of discretion in the interests of justice.  *Id.* § 470.15(1), (3)(c), (6)(a).

   An "adequate and independent" state court finding of procedural default will bar federal review of the constitutional claim unless petitioner demonstrates either (1) cause for the default and actual prejudice resulting from the alleged violation of federal law; or (2) that the denial of habeas relief would leave unremedied a "fundamental miscarriage of justice," *i.e.*, that he is actually innocent.  *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748–750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)*; Fama*, 235 F.3d at 809.  In order to constitute an "adequate and independent" state ground, the state procedural rule must be "firmly established and regularly followed" by the state courts and the

9

application of the rule must not be "exorbitant." *Clark v. Perez*, 510 F.3d 382, 391 (2d Cir. 2008); *Murden v. Artuz*, 497 F.3d 178, 192 (2007); *Garvey v. Duncan*, 485 F.3d 709, 713–14 (2d Cir. 2007). Even if a state rule is "discretionary," it may serve as an "adequate and independent" state rule. *Beard v. Kindler*, __ U.S. __, 130 S. Ct. 612, 618 (2009). A discretionary rule may be "firmly established and regularly followed" even if the appropriate exercise of discretion may allow consideration of the federal claim in some cases but not others. *Id.*

Here, the Appellate Division stated that petitioner "failed to specify alleged deficiencies in the proof, and therefore failed to preserve for our review his contention that the evidence is legally insufficient to support the counts of attempted murder." *People v. Rudolph*, 16 A.D.3d at 1152. Based on *Garvey* and the New York cases cited by the Second Circuit in that case, it is clear that the Appellate Division in this case utilized a firmly established and regularly followed procedural basis for denying petitioner's insufficiency-of-evidence claim with respect to the attempted murder counts. *Garvey*, 485 F.3d at 714–715, 718. For example, in *People v. Parsons*, the Appellate Division specifically held that the defendant had failed to preserve his insufficiency-of-evidence claim because the motion to dismiss was not specifically directed at the alleged insufficiency. *People v. Parsons*, 30 A.D.2d 1071, 1072, 816 N.Y.S.2d 271, 271 (4th Dept. 2006). Because the Appellate Division in this case clearly rested its decision on a procedural default, the court must determine whether

petitioner has shown cause and prejudice.

To establish cause, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule, such as governmental interference or the reasonable unavailability of the factual basis for the claim. *Coleman*, 501 U.S. at 753 (citing *Murray*, 477 U.S. at 488); *McClesky v. Zant*, 499 U.S. 467, 493–94 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999). Petitioner has not alleged or established cause; thus the Court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Murray*, 477 U.S. at 496; *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v. Lord*, No. 03-CV-0461, 2006 WL 1977435, at *6 (N.D.N.Y. Mar. 21, 2006) (McCurn, S.J.). Petitioner has also not presented any new evidence that he is "actually innocent" of the crimes for which he was convicted. *See Schulp*, 513 U.S. at 327 (to establish actual innocence, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence). Thus, the procedural default bars review of these claims.

**VI.   Suppression (Ground 5)**

Petitioner argues, as he did in his appeal to the Appellate Division, that the weapon possession conviction should be overturned because the gun should have been suppressed. (*See* Pet. Ground Five, p. 7). Petitioner bases his claim on the allegation that the first officer illegally approached and followed the petitioner. *Id.* This Fourth

Amendment claim is barred from federal habeas review by *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the petitioner may not challenge an allegedly unconstitutional search and seizure in application for federal habeas relief. *Id.* at 481–82; *see also Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

The Second Circuit has determined that review of a Fourth Amendment claim in a habeas corpus application is proper only if: (1) the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (2) the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in that process. *See Capellan*, 975 F.2d at 70; *Gates v. Henderson*, 568 F.2d 830, 839–40 (2d Cir. 1977). New York provides an approved mechanism for litigating Fourth Amendment claims. *See Capellan*, 975 F.2d at 70. Petitioner in this case utilized that mechanism, but the court denied his motion to suppress. (*See* Pet'r's Appellate Brief, Appendix, A44, A53). Although the County Court denied petitioner's motion without a hearing, the Appellate Division found petitioner's ground to be "without merit," and this court cannot find that petitioner did not have a full and fair opportunity to litigate this issue. *See Rudolph*, 16 A.D.3d at 1153. Based upon *Stone*, petitioner cannot now challenge the legality of the seizure of the gun, and his Fourth Amendment claim may be dismissed.

## VII. Sentencing (Grounds 3, 4, & 6)

Petitioner's third, fourth, and sixth grounds all deal with sentencing issues. Petitioner essentially raises two claims: his sentences for attempted murder should not run consecutively, and a general claim that his sentences violate the Eighth Amendment.

As to concurrent versus consecutive sentences, "[T]here is 'no constitutionally cognizable right to concurrent, rather than consecutive, sentences.'" *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001)). When a sentence is within the range set by state law, no federal constitutional issue arises. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

New York law states that when "more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently." N.Y. PENAL LAW § 70.25(2). New York law permits a maximum sentence of 25 years to life for class A-I felonies, and attempted murder is a class A-I felony. N.Y. PENAL LAW §§ 70.00(2)(a), (3)(a)(i), 110.00, 125.27(1)(a)(i), (b)). Whether or not sentences should run concurrently or consecutively is a matter of state law and not cognizable on federal habeas review. *See Reed v. Cuomo*, 08-CV-4875, 2010 U.S. Dist LEXIS 34030, at *4, 2010 WL 1930215 (S.D.N.Y. Apr. 21, 2009) (citations omitted).

Petitioner's consecutive sentences of 25 years to life are within the range set by

New York state law, and running them consecutively is permitted under New York state law. Petitioner's claims related to his sentences running consecutively are thus not cognizable on federal habeas review and should therefore be dismissed.

To the extent petitioner raises a claim under the Eighth Amendment, his sentence is not disproportionate to the crime for which he was convicted.[8] The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction. *Lockyer v. Andrade*, 538 U.S. 63, 72–73 (2003). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id*. at 77. Outside of the context of capital punishment, successful challenges to the proportionality of particular sentences under the Eighth Amendment have been "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). The Supreme Court in *Lockyer* held that a state appeals court's determination that a habeas petitioner's sentence of two consecutive prison terms of 25 years to life for petty theft under California's "Three Strikes" law was not disproportionate, did not constitute cruel and unusual punishment, and was not an unreasonable application of clearly established Supreme Court law. *Lockyer*, 538 U.S. at 77. Under these standards, the Appellate Division's decision that two consecutive sentence of 25 years to life for attempted murder of two police officers was not unduly harsh or severe can hardly be considered contrary to, or an unreasonable application of clearly applicable

---

[8] The Appellate Division decided petitioner's Eighth Amendment issue on the merits, holding that his sentence "is not unduly harsh or severe." *People v. Rudolph*, 16 A.D.3d at 1152. Because the Appellate Division ruled on the merits, this court will apply the more deferential AEDPA standard.

federal constitutional law.

## VIII. Certificate of Appealability

For the reasons set forth above, the petition for a writ of habeas corpus filed by Petitioner should be denied and dismissed. In addition, no certificate of appealability ("COA") should issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (If the denial of a habeas petition is based upon procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation"); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no certificate of appealability should be issued.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: June 14, 2010

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge